IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DESIGN IDEAS, LTD., an Illinois )
corporation,                    )
                                )
    Plaintiff,               )
                                )
    v.                       )   NO. 12-3336
                                )
BED BATH & BEYOND, INC., a      )
New Jersey corporation, and SEVILLE )
CLASSICS, INC., a California    )
corporation,                    )
                                )
    Defendants.              )

# OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Motion under Rule 12(b)(6) of Plaintiff Design Ideas, LTD., to Dismiss [d/e 18] Defendant Seville Classics Inc.'s Third Counterclaim.

## I.

Plaintiff Design Ideas, LTD. ("Design Ideas") moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the dismissal of the Third Counterclaim of Defendant Seville Classic, Inc. ("Seville"). The text

of the Third Counterclaim is as follows:

>   45.  Seville realleges and incorporates by reference the allegations of paragraphs 1-44 of this Answer, Affirmative Defenses and Counterclaims.
>   46.  During February and March of 2011, Seville and Design Ideas entered into settlement discussions regarding Seville's alleged infringement of U.S. Patent Nos. D501,105, D632,080 and 7,428,976.
>   47.  Upon information and belief, Design Ideas was contemplating litigation against Seville relating to the '841 patent during February and March of 2011 and intentionally concealed this material fact with an intent to deceive Seville during the parties' settlement discussions. Design Ideas was under a duty to disclose this material fact to Seville.[1]
>   48.  As a result of Design Idea's fraudulent concealment, Seville and Design Ideas entered into a settlement agreement on or about March 2011, and designed, developed and sold the allegedly infringing Generation 2 product. Seville has suffered damages as a result of Design Idea's fraud, including but not limited to, litigation costs and development and manufacturing costs.

See Doc. No. 7, at 10-11.  Thus, Seville's Third Counterclaim purports to allege a claim for fraudulent concealment.

Design Ideas is engaged in the business of designing, manufacturing,

---

[1] Although Seville refers to the '841 patent in its pleading, the patent at issue in this case is U.S. Patent No. D450,481, which should properly be referred to as "the '481 patent."

and distributing a range of unique, esthetically pleasing office and household goods made of metal mesh. According to the Complaint, Seville manufactures and imports consumer products to retailers like Defendant Bed, Bath & Beyond, Inc. ("BBB"). Seville admits that it has sold metal mesh baskets and frame products to BBB. Design Ideas' Complaint is based on the alleged infringement of its U.S. Patent No. D450,481 ("the '481 patent") entitled "Mesh Baskets and Frames" by Seville and BBB.

Seville's Third Counterclaim is premised on a March 2011 Settlement Agreement between Seville and Design Ideas. Although the Settlement Agreement is not attached to Design Ideas' Complaint, it is attached to the Memorandum in support of the instant motion.[2]

---

[2] Design Ideas states that the Settlement Agreement is central to Seville's Counterclaim and does not constitute a "matter outside the pleading." Although matters outside the pleadings are generally not considered on a Rule 12(b) motion without treating the motion as one for summary judgment, *see* Fed. R. Civ. P. 12(d), an exception exists if a document acknowledged as authentic is referred to in a complaint and is central to the plaintiff's claim. *See Santana v. Cook County Board of Review*, 679 F.3d 614, 619 (7th Cir. 2012); *Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009). Because there is no dispute as to the authenticity of the Settlement Agreement, the Court concludes it may be considered in ruling on the motion to dismiss.

Paragraph 7 of the Settlement Agreement provides, "This agreement shall be governed by and construed in accordance with the substantive laws of the State of Illinois without regard to choice of law rules."

Paragraph 47 of Seville's Third Counterclaim alleges, on information and belief that during the parties' settlement discussions, Design Ideas was contemplating litigation against Seville pertaining to the '481 patent, which forms the basis of Design Ideas' claims in this case, and intentionally concealed this material fact with the intent to deceive.  Paragraph 47 further provides that Design Ideas had a duty to disclose this material fact to Seville.  Design Ideas disputes Seville's conclusion.

Design Ideas contends that Seville has pled no facts which create a duty of disclosure by Design Ideas.  The patent numbers in the Third Counterclaim and in paragraph 1.2 of the Settlement Agreement are different from the '481 patent, which is the subject of infringement alleged here and described in paragraph 8 of Design Ideas' Complaint.

Design Ideas claims that Seville has not alleged or shown the existence of a special or fiduciary relationship, which would trigger a duty to disclose.

Moreover, it is apparent Design Ideas had no such fiduciary or legal relationship with Seville.  No contractual relationship existed between the parties at the time of the negotiations and either entity could have walked away at any time.  The current patent claim is completely unrelated to the previous settlement negotiations.

Design Ideas contends that Seville should have understood from the limited language of the Settlement Agreement that it only applied to certain patents from which the Settlement Agreement arose, and not all patent claims by Design Ideas under a global settlement.  Seville could have during the negotiations sought to obtain protection from all patent claims.

Design Ideas further asserts it had no duty to make the disclosure alleged by Seville on "information and belief."  Therefore, Seville's Third Counterclaim should be dismissed for failure to state a claim.

Seville contends that during the settlement negotiations, Design Ideas contributed to Seville's misapprehension that Design Ideas had no claims against other Seville products.  Thus, Seville continued sales of the accused Drawer Organizer products.  According to Seville, almost two years passed

5

during which Design Ideas did not correct Seville's misapprehension.

Seville notes it was not until December 2012 that Design Ideas filed the instant suit claiming infringement of the '481 patent. Seville claims it suffered damages as a result of Design Ideas' alleged extraordinary, intentional failure to reveal the true facts for nearly two years.

Because it contends that Design Ideas contributed to the existence of its material misapprehension, Seville asserts that Design Ideas had a duty to correct the record so that it could avoid suffering damages.

## II.

### (A)

At this stage, the Court accepts as true all of the facts alleged by the Counter-claimant and draws all reasonable inferences therefrom. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider

whether the complaint states a "plausible" claim for relief. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See id.* However, the claim need not be probable: "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *See Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Id.*

Under certain circumstances, the failure to disclose a material fact may constitute fraudulent concealment. The duty to disclose "arises only when a fiduciary relationship is present or when the defendant's acts contribute to the plaintiff's misapprehension of a material fact and the defendant intentionally fails to correct plaintiff's misapprehension." *See PXRE Reinsurance Co. v. Lumbermens Mut. Cas. Co.*, 342 F. Supp.2d 752, 757-58 (N.D. Ill. 2004) (internal quotation marks and citation omitted).

Seville does not allege that a fiduciary duty was present. Rather, it claims that Design Ideas' duty to disclose its contemplated enforcement of the '481 patent against Seville arose pursuant to the latter scenario.

Fraudulent concealment must be pled with particularity. *See Aeroground, Inc. v. Centerpoint Properties Trust*, 2010 WL 2169493, at *4 (N.D. Ill. 2010); *see also* Fed. R. Civ. P. 9(b). "Because the essence of a fraudulent concealment claim is that defendant did not disclose a material fact at any time or in any manner, a plaintiff cannot allege the 'who, when, where and how' normally required under Rule 9(b)." *See Aeroground*, 2010 WL 2169493, at *4. However, a plaintiff must allege facts which establish the duty to disclose. *See id*. "Illinois courts have held that while silence in a business transaction does not necessarily amount to fraud, silence accompanied by deceptive conduct or suppression of material facts results in active concealment, and it then becomes the duty of the person to speak." *Lefebvre Intergraphics, Inc. v. Sanden Mach. Ltd.*, 946 F. Supp. 1358, 1367 (N.D. Ill. 1996) (internal citations and quotation marks omitted).

Seville relies on *Coca-Cola Co. Foods Div. v. Olmarc Packaging Co.*, 620

F. Supp. 966 (N.D. Ill. 1985), in alleging that Design Ideas' acts constituted fraudulent concealment. In *Coca-Cola*, Coca-Cola Foods ("Foods") and Olmarc entered into a "Packing Agreement," whereby Olmarc agreed to mix, package, store and ship dry powdered drink bases received from Foods in return for payment. *See id*. at 968. Olmarc alleged Foods had represented that it would receive all of Foods' packaging business with respect to two drink bases. *See id*. at 972. Relying on the promise, Olmarc purchased equipment to fulfill Food's needs. *See id*. Olmarc brought claims based on a fraud theory, alleging that Foods had failed to inform it of certain material facts, including: (1) that Foods was building its own packing plant which would compete with Olmarc; and (2) that Foods negotiated and agreed to have its bases mixed and packed by companies other than Olmarc. *See id.* at 972-73. Foods moved to dismiss the fraud claim, contending that there was neither a contractual nor a fiduciary duty between the parties at the time of the omission. *See id*. at 973.

In considering the motion to dismiss, the court noted at this stage that in order to impose a duty on Foods to speak and correct

misapprehensions, Olmarc need only plead that "1) Foods' acts contributed to Olmarc's misapprehension 2) of a material fact 3) which Foods intentionally failed to correct." *See id*. at 974. Olmarc alleged a representation by Foods that Olmarc would receive all of Foods' packaging business for two drink bases and claimed that this fact was material to the terms of the Packing Agreement or to Olmarc's subsequent purchase of machinery. *See id*. The court found as follows:

> Taking Olmarc's allegations as true for the purposes of this motion, such facts, if proved, could contribute to a misapprehension by Olmarc of which Foods was aware and which it intentionally failed to correct. If Olmarc can prove what it alleges, then Foods had a duty to speak and correct any misapprehension it helped create.

*Id*.

Relying on *Coca-Cola*, Seville asserts it has sufficiently alleged facts that if proved, could contribute to a misapprehension by Seville that Design Ideas was under a duty to correct. In its Counterclaim, Seville claims that Design Ideas was contemplating enforcing the '481 patent against Seville at the time the parties were negotiating a settlement agreement related to other Design Ideas' patents. Based on this alleged non-disclosure, Seville

10

was under the misapprehension that Design Ideas was not contemplating enforcing the '481 patent against Seville and entered into the settlement agreement. Seville alleges that, like Foods in *Coca-Cola*, Design Ideas intentionally concealed this material fact, giving rise to a duty to correct Seville's misapprehension.

In its Reply Brief, Design Ideas correctly notes that in *Coca-Cola*, Foods made a promise to Olmarc regarding the exclusivity of its relationship that created a misapprehension by Olmarc regarding the contract. *See Coca-Cola*, 620 F.3d at 972. Olmarc's misapprehension relating to the contract was not created simply by the withholding of information by Foods. Rather, the misapprehension was based on Foods' promise, which created an expectation in Olmarc upon which it relied. Design Ideas contends that the law requires an act or conduct, such as the promise made by Foods. A mere omission is not enough. Design Ideas claims that a party must affirmatively act, as in *Coca-Cola*, in order to create such a misapprehension.

Based on the foregoing, Design Ideas contends that Seville must have

alleged that Design Ideas took some action or committed some sort of conduct that could have created misapprehension on the part of Seville in order for Design Ideas to have a duty to speak. For example, Design Ideas could have done something to indicate to Seville it was not contemplating any litigation with respect to other patents. Seville has made no such allegations. Design Ideas asserts that Seville's Counterclaim includes no allegations that Seville was misled as to any other patent unrelated to the settlement, and no misapprehension could have occurred because Seville was entirely unaware of Design Ideas' intentions with respect to those other patents.

(B)

Certainly, the facts here are not analogous to those in *Coca-Cola*, wherein the allegations included an actual representation regarding future business and resulting reliance on that promise. Here, instead of an affirmative statement, Seville claims that Design Ideas deliberately withheld certain information regarding potential litigation in order to deceive Seville during the parties' settlement discussions. Seville asserts Design Ideas had

a duty to disclose this information. The Counterclaim alleges that the parties entered into a Settlement Agreement. Seville went on to develop and sell the allegedly infringing product, which it suggests it would not have done if Design Ideas had not engaged in fraud with respect to intentionally concealing information regarding litigation related to the '481 patent. Seville clams damages on this basis.

It is questionable whether the factual scenario in this case presents a basis for Seville's fraudulent concealment claim. Generally, a party must do more than assert a right to relief that is speculative. *See Maddox*, 655 F.3d at 718. However, the Court recognizes the difficulty of pleading a claim with particularity when the assertion is that the other party did not disclose a material fact.

In Paragraph 47 of the Third Counterclaim, Seville alleges that Design Ideas "intentionally concealed" the fact that it was contemplating litigation relating to the '481 patent, in an effort to deceive Seville during settlement negotiations. A court has held that a party to a business contract may have a duty to speak in such circumstances. *See Lefebrve Intergraphics*, 946 F.

Supp. at 1367 (observing that such a duty arises when there is silence along with deceptive conduct or suppression of material facts).

Design Ideas claims that Seville must have alleged that it took some type of action or committed conduct that could have created misapprehension on the part of Seville in order to create such a duty to speak for Design Ideas. Design Ideas further asserts that no misapprehension could have occurred because Seville was unaware of its intentions with respect to patents that were unrelated to the settlement. Seville bases its assertion "[u]pon information and belief" so it appears that it does not have any particular information about any act or conduct on the part of Design Ideas that could have created a misapprehension.

Seville has alleged its fraudulent concealment claim in the most general terms. The claim appears to be based on multiple speculative inferences. Although it may be doubtful whether such a claim is viable, the Court recognizes that it is difficult to allege facts with specificity when a claim is premised on the withholding of information. Accordingly, despite any deficiencies, the Court will afford Seville the benefit of the doubt at

14

this stage of the litigation.

Ergo, the Motion under Rule 12(b)(6) of Plaintiff Design Ideas, Ltd., to Dismiss Defendant Seville Classics' Third Counterclaim [d/e 18] is DENIED.

ENTER: June 10, 2013

        FOR THE COURT:

                              *s/Richard Mills*
                              s/Richard Mills
                              United States District Judge